UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER STOJANOVIC,

        Plaintiff,

v.                                                                   Case No. 09-CV-176

NIKOLA P. KOSTICH.

        Defendant.

## DECISION AND ORDER

The plaintiff, Peter Stojanovic, who is incarcerated at the Wisconsin Resource Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.75 and an additional partial filing fee of $.03. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints.

-2-

Case 2:09-cv-00176-AEG    Filed 07/02/09    Page 2 of 6    Document 7

*Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff's sworn complaint contains the following statement of claim:

> My parents paid Mr. Kostich $5000.00 to appeal my criminal conviction in 1999. He didn't provide reasonable counsel. Kostich was asked to return money. He did not agree. I filed two complaints to the Office of Lawyer Regulation. In 2005 Kostich was ordered to refund $3200.00 by the OLR. He was also publicaly [sic] reprimanded and costs of the proceedings were paid by him. In April 2005 Attorney Ellen Henak successfully brought my case back to the Court on Appeal. She was given the exact same information as Kostich was. I was able to vacate my plea. I declined to do so. I was near the end of my sentence. Had Kostich done the same amount of work that Henak did I would have went to trial. But because Kostich would not represent me or return the unused fee, I was not able to hire other counsel or be represented by other counsel and had to do the majority of my 16 year sentence with a mandatory release date calculated at 10 years 8 months.

(Plaintiff's Complaint at 3-4). As legal authority, the plaintiff cites a number of Wisconsin Supreme Court rules, Wisconsin statutes, and the Eighth and Fourteenth Amendments. He requests $500,000 in compensatory damages.

Criminal defense attorneys cannot be sued under 42 U.S.C. § 1983 because they do not qualify as a "state actor." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Even an appointed public defender does not act under color of state law. *Id.* Here, where Kostich was privately retained, there is no question. He was not acting under the color of law in his representation of and later dealings with the plaintiff. As a result, the plaintiff's claim under § 1983 fails and the court lacks subject matter jurisdiction over the plaintiff's claims against Kostich.

It also appears that the plaintiff and Kostich are both residents of Wisconsin, so there is not federal jurisdiction to hear this matter under the diversity statute. *See* 28 U.S.C. § 1332; *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). Finally, because the plaintiff does not have a viable federal claim, the court will not exercise its supplement jurisdiction to entertain the plaintiff's state law claims. *See* 28 U.S.C. § 1367. The court will dismiss the plaintiff's complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $345.22 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge